**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDSON ALMEIDA DOS SANTOS,**<br>**Petitioner**<br><br>**v.**<br><br>**CRAIG LOWE, in his official capacity as Warden, Pike County Correctional Facility; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, U.S. Attorney General,**<br>**Respondents** | : | **No. 3:26cv2528**<br><br>**(Judge Munley)** |

## MEMORANDUM ORDER

Before the court is petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Edson Almeida Dos Santos.[1] (Doc. 1). Dos Santos is a native and citizen of Brazil in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility. Id. ¶¶ 15, 20. The petition alleges that his

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Dos Santos filed the instant petition while detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. (Doc. 1, Pet., ¶ 20). The petitioner challenges his continued immigration detention. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

continued detention violates the Immigration and Naturalization Act and the Fifth Amendment to the United States Constitution. Id. ¶¶ 49–68. After review, the petition will be granted. Dos Santos will be released.

According to documents supplied by the respondents, Dos Santos is 43 years old. (Doc. 5-2, I-213 Form, at ECF p. 2). He has been removed from the United States on two prior occasions, in 2004 and 2018. Id. at ECF p. 4. Most recently, he reentered the United States on or about August 19, 2022 near San Luis, Arizona. (Doc. 5-4, Notice to Appear, at ECF p. 2). It appears that Dos Santos was accompanied by his wife and two children. (Doc. 1-1, I-589 Application, at ECF pp. 3–4, 9). Petitioner was released from federal custody shortly after reentry and served with a Notice to Appear. (Doc. 5-4, Notice to Appear, at ECF p. 2). The Notice to Appear charged the petitioner with violating 8 U.S.C. § 1182(a)(6)(A)(i) as being present in the United States without being admitted or paroled. Id.

Prior to being re-detained, Dos Santos resided in Philadelphia with his wife and two children. (Doc. 1, Pet., ¶ 17). He obtained employment as a commercial painter. Id. He also obtained a Pennsylvania driver's license. (Doc. 5-2, I-213 Form, at ECF p. 4).

On August 21, 2026, municipal police officers from the Salem Township Police Department conducted a traffic stop of a vehicle driven by the petitioner.

Id. at ECF p. 3. The township has a partnership agreement with ICE under Section 287(g) of the Immigration and Naturalization Act, 8 U.S.C. § 1357(g), and ICE record checks indicated that Dos Santos was eligible for detention. Id. ICE issued an arrest warrant. Id. Thereafter, Salem Township officers detained the petitioner and transferred him into the custody of ICE. Id. He has been detained since that time.

In its response, the government concedes that Buele Morocho v. Warden Phila. FDC, ___ F.4th ___, 2026 WL 2546223 (3d Cir. Aug. 28, 2026) controls the facts of this case and that Dos Santos's detention is governed by 8 U.S.C. § 1226(a).[2] (Doc. 5 at ECF pp. 1, 3). Because Section 1226(a) and its implementing regulations "require[ ]" a bond hearing, Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018), respondent is violating the INA and its implementing regulations by not providing one. See Buele Morocho, 2026 WL 2546223, at *1 (citing 8 U.S.C. § 1226(a)(2); 8 C.F.R. § 1236.1(c)(8)) ("Unlike § 1225(b)(2)(A), § 1226(a) permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk.").

[2] From the record, it does not appear that the government has reinstated the petitioner's prior removal order pursuant to 8 U.S.C. § 1231(a)(5). Further, the respondents do not assert that Dos Santos is subject to a current removal order. Therefore, Section 1231 does not apply to the petitioner's detention.

With respect to the petitioner's due process rights, the court, like the Buele Morocho court, considers the Mathews[3] factors to determine "whether detention without bond of noncitizens who have lived in the United States for extended periods of time with no criminal records violates due process." Id. at *9–10. As to the first factor, "the private interest that will be affected by the official action," the Buele Morocho court held that "mandatory detention implicates [the] 'constitutionally protected interest in avoiding physical restraint.'" Id. at *9 (quoting Mathews, 424 U.S. at 335; Kansas v. Hendricks, 521 U.S. 346, 356 (1997) (citations omitted)). And so, it does here.

The second factor concerns "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Id. (quoting Mathews, 424 U.S. at 335). The Buele Morocho court found such risk exists in situations like here, because of "the absence of an opportunity for a neutral decisionmaker to assess" the dangerousness or flight risk of a defendant. Id.

As to the third factor, "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," id. (quoting Mathews, 424 U.S. at 335), the court held that the "legitimate interest in preventing the release of

[3] Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

dangerous noncitizens and those who might fail to appear at future hearings does not outweigh the other two factors here, particularly when [the] non-criminal individuals were detained absent evidence that either is dangerous or a flight risk, and the Government has not argued that bond hearings are unduly burdensome." Id. at *10 (citation modified).

On this third factor and the ultimate disposition of this habeas petition, Dos Santos has not been convicted of any crime. The DHS record supplied in this case refers to the petitioner's detention being prompted by a "routine traffic stop in Berwick, PA." (Doc. 5-2, I-213 Form, at ECF p. 3). As for the risk of flight, the petitioner has a wife and two children in Philadelphia and a job in construction. There is no evidence that the petitioner resisted officers. There is also no evidence that he failed to appear at any immigration proceedings in the past. Per the petition, Dos Santos is an asylum seeker who fears retribution in Brazil after witnessing a murder. (Doc. 1-1 at ECF p. 6). He asserts that, based on the above, he has a strong incentive to appear at future immigration proceedings. (Doc. 1, Pet., ¶ 3).

Weighing the Mathews factors, the failure to provide Dos Santos with a bond or custody redetermination hearing violated his right to procedural due process. Buele Morocho, 2026 WL 2546223, at *10. Therefore, his petition will be granted. Habeas courts "have the power to order the conditional release of

an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). In this case, only immediate release will remedy the due process violation that Dos Santos has experienced. The government will also be temporarily enjoined from re-arresting the petitioner for a period of seven days to ensure the effectiveness of the habeas remedy. The government may also not impose additional conditions on Dos Santos's release, including any form of body-worn electronic monitoring, unless those conditions were in place prior to detention.

Consequently, it is hereby **ORDERED** that:

1) Edson Almeida Dos Santos's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2) The government shall immediately release Dos Santos from its custody;

3) On or before September 28, 2026, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Dos Santos has been released;

4) The government shall release Dos Santos under the same conditions that existed prior to his detention, including release: (1) in an area where the petitioner resides or where he has access to means of interstate transportation; (2) without the imposition of additional conditions; (3) with all clothing and

outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

5) The government is temporarily enjoined from re-arresting Dos Santos for a period of 7 days to ensure that this habeas remedy is effective;

6) The Clerk of Court is directed to enter judgment in accordance with this memorandum order; and

7) The Clerk of Court is directed to **CLOSE** this case.

**Date:** 9/25/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**